# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EDGAR MHOON, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    No. 16-2392-STA-cgc |
| | ) |
| ALLEN JAMES ET AL., | ) |
| | ) |
|        Defendants. | ) |

## ORDER DIRECTING ENTRY OF JUDGMENT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On June 3, 2016, Plaintiff Edgar Mhoon, who is presently incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. In an order issued June 6, 2016, the Court granted Mhoon leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).

On March 23, 2017, the Court dismissed the complaint for failure to state a claim and granted Mhoon leave to file an amended complaint within 30 days (ECF No. 6). The order notified Plaintiff that if he "fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment." Mhoon did not file an amended complaint within the time specified or seek an extension of time in which to do so. Therefore, judgment will be entered in accordance with the March 23, 2017, order

dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[1] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: May 10, 2017

---

[1] *See Mhoon v. Luttrell, et al.*, No. 00-2239-BBD (W.D. Tenn. Mar. 28, 2000) (dismissed as frivolous).